# MASTROIANNI, etc. v. HARDIN

## Case No. 88-90013-AP

Fourth Judicial Circuit, Duval County

March 15, 1989

### APPEARANCES OF COUNSEL

**Lee S. Carlin,** for appellant.

**Kenneth Vickers,** for appellee.

### OPINION OF THE COURT

DOROTHY H. PATE, Circuit Judge.

The Appellee is an employee with the Property Appraiser's office who was promoted to the Civil Service position of Appraiser IV on November 11, 1971. On October 1, 1985, the Appellee was assigned responsibilities for Appraiser IV, Chief Appraiser. He was not tested nor did he compete with other applicants for this position. He received a pay raise of 15.8%. On September 21, 1987, Appellee was removed from his position as Chief Appraiser and designated Appraiser IV. The Personnel Department determined that base pay of $3,232.00 as Chief

Appraiser would be reduced to $2,902.00 for Appraiser IV. After hearing on January 28, 1988, and February 18, 1988, the Civil Service Board found that Civil Service and personnel rules had been violated in that Appellee had continuously been in Civil Service status, was not in an "opted-out" position and reinstated his salary as of September 21, 1987.

The Civil Service Board had competent evidence to determine that Appellee remained on permanent Civil Service status as an Appraiser IV while serving as the Chief Appraiser and was not in an "opted-out" position.

No competent evidence established that Appellee in this Civil Service position was entitled to the raise of 15.8% in October, 1985, or the base pay of $3,232.00, in September, 1987. Once the Board determined that Appellee was not in an "opted-out" position, the rules applicable to that Civil Service position as to raises are applicable. The evidence was uncontradicted that Appellee was not subject to any union contract and therefore a raise to 5% over his highest paid subordinate was not appropriate under Civil Service rules. Ed Prince's (Personnel Department of the City) testimony was uncontrovered that the raise of 15.8% in October, 1985, was not allowed for Civil Service position of Appraiser IV. (T1:19, T2 14, 16, 28).

This cause is remanded to the Civil Service Board for a proper determination of salary for Appellee pursuant to statutory law and Civil Service rules based on their finding that Appellee remained in permanent Civil Service status as an Appraiser IV and was not in an "opted-out" position from October, 1985, until September, 1987. That portion of the Order of February 18, 1988, returning Appellee to his monthly base pay effective September 21, 1987, together with subsequent pay raises effective in the 1987/1988 fiscal year is REVERSED. The remaining portion of the Order are AFFIRMED.